UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re **CHARLES R HUGHES**, Debtor. | Case No. **08-60003-12** |
| **CHARLES R HUGHES**, Plaintiff. -vs- **ROBERTA A WALKER**, Defendant. | Adv No. **08-00089** |

## MEMORANDUM OF DECISION

At Butte in said District this 21st day of July, 2009.

In this adversary proceeding trial was held at Missoula on July 16, 2009. The Plaintiff Charles R. Hughes appeared and testified, represented by attorney Craig D. Martinson of Billings, Montana. The Defendant Robert A. Walker ("Roberta") appeared pro se and testified, and she was assisted in presenting her case by her spouse Dale E. Walker ("Dale"). Exhibits were admitted into evidence. At the conclusion of the trial the Court found that the Kubota Backhoe in Roberta's possession, which is the subject of the Plaintiff's complaint, is property of the Plaintiff's bankruptcy estate. The Court found that the value of the Kubota backhoe is $3,000, and ordered Roberta to make the Kubota backhoe with hitch and two buckets available at an appropriate time and place in the near future where the Plaintiff can pick it up. In the alternative, the Court stated that if the backhoe was not turned over it would enter judgment

1

against Roberta for the value of the backhoe and attachments, $3,000.

At the trial Ex. 1, 2, 3, 4, F, I (page 8), K, L, and M were admitted into evidence.  Ex. 1 lists the Kubota backhoe model 4690 which is the subject of this adversary proceeding.  There was considerable testimony regarding the configuration of the backhoe, which is shown in Ex. 4.  However, under examination by the Court Roberta readily admitted that she is in possession of the backhoe with three point hitch and two buckets, which she received from the Plaintiff and her mother, since she and Dale picked up the backhoe in April of 2005.  Based upon Roberta's testimony and Ex. F, and the Plaintiff's bankruptcy Schedule B, the Court fixed the value of the backhoe at the high end of the range, in the sum of $3,000.

Roberta opposes Plaintiff's complaint on the grounds that the backhoe was a gift.  However, she testified that her mother, who was married to the Plaintiff and is now deceased, and the Plaintiff did not want to relinquish control over the backhoe.  She testified that she and her husband agreed that they would return to the Plaintiff's ranch with the backhoe and the tractor and do whatever work the Plaintiff desired on his Ronan ranch property, while Roberta and Dale otherwise could keep the backhoe at her West Fork property and use it.

The Plaintiff filed a Chapter 12 bankruptcy petition on January 3, 2008.  Under 11 U.S.C. § 541(a)(1) the estate includes all legal or equitable interests of the debtor in property as of the commencement of the case, and state law determines the extent of such interests and when they expire.  *In re McLouth ("McLouth")*, 268 B.R. 244, 249 (D. Mont. 2001); *In re Deines*, 17 Mont. B.R. 114, 117-120 (Bankr. Mont. 1998) *(quoting In re Campbell (Balyeat Law Offices v. Campbell)*, 14 Mont. B.R. 132, 140-41 (9th Cir. BAP 1995)); *In re Contractors Equip. Supply Co.*, 861 F.2d 241, 244 (9th Cir. 1988); *In re Farmers Markets, Inc.*, 792 F.2d 1400, 1402 (9th Cir.

1986). "The bankruptcy estate succeeds to no more interest than the Debtor possessed or had, and the estate takes its interest subject to such conditions." *In re Deines*, 17 Mont. B.R. at 117 (*quoting In re Baquet*, 61 B.R. 495, 497-98 (Bankr. Mont. 1986)); *see also In re Weatherwax*, 16 Mont. B.R. 304, 308-09 (Bankr. Mont. 1997).

The estate's interest in the backhoe, then, is determined as of the filing of the petition on January 3, 2008, and the Court must look to state law to determine whether and to what extent the Debtors has any legal or equitable interests in the backhoe as of the commencement of the case. *Pettit*, 217 F.3d at 1078; *Butner v. United States*, 440 U.S. 48, 54-55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Roberta argued that the backhoe was a gift from the Plaintiff. Under Montana law, a gift inter vivos requires (1) donative intent, (2) delivery, and (3) acceptance. *Valley Victory Church v. Sandon*, 2005 MT 72, ¶ 14, 236 Mont. 340, 344, ¶ 14, 109 P.3d 273, 276, ¶ 14. Based on Roberta's clear testimony that the Plaintiff and her mother did not want to relinquish control over the Kubota backhoe, the first requirement for a gift under Montana law of donative intent is not shown by the evidence. Based upon that the Court found that the Plaintiff never made a gift of the backhoe to Roberta and her husband.

As a result, the Plaintiff as the Debtor-in-Possession in this Chapter 12 bankruptcy is entitled to retrieve the Kubota backhoe and buckets from Roberta, or in the alternative is entitled to judgment in the amount of $3,000 which the Court fixed as the value of the backhoe and buckets. After the Court announced its decision, Dale stated that the Defendant did not want to purchase the backhoe from the Plaintiff, and that they would allow the Plaintiff to pick up the Kubota backhoe and buckets at a reasonable time and place. Accordingly,

**IT IS ORDERED** a separate Judgment shall be entered in conformity with the above

against the Defendant Roberta A. Walker in favor of the Plaintiff, providing that the Defendant shall, within a reasonable amount of time and at an appropriate location, deliver possession to the Plaintiff the Model 4690 Kubota backhoe with three point hitch and two buckets which are the subject of the complaint; and if the Defendant fails to surrender possession of the Kubota backhoe and buckets to the Plaintiff in a reasonable amount of time the Plaintiff may in the alternative apply for entry of judgment against Roberta A. Walker in the amount of $3,000 plus costs.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana